UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIVENDI UNIVERSAL, S.A. SECURITIES LITIGATION | : <br> :    No. 02 Civ. 5571 (RJH) (HBP) <br> : |
| This Document Relates to: | : <br> : |

02 Civ. 5571   07 Civ. 9229   08 Civ. 0116
07 Civ. 5742   07 Civ. 9593   08 Civ. 0117
07 Civ. 7370   07 Civ. 10578   08 Civ. 1938
07 Civ. 7775   07 Civ. 10954   08 Civ. 1985
07 Civ. 7776   07 Civ. 10995   08 Civ. 0418
07 Civ. 7778   07 Civ. 11092   08 Civ. 0950
07 Civ. 7779   07 Civ. 11305   08 Civ. 1111
07 Civ. 7803   07 Civ. 11483   08 Civ. 1973
07 Civ. 7863   07 Civ. 11484   08 Civ. 1974
07 Civ. 8156   07 Civ. 11485   08 Civ. 1975
07 Civ. 8208   07 Civ. 11628   08 Civ. 1983
07 Civ. 8830   08 Civ. 0024

**INDIVIDUAL PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING CERTAIN FACTS ABOUT THE INDIVIDUAL PLAINTIFFS**

**MOTLEY RICE LLC**
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 882-1681
  -and-
**CAPLIN & DRYSDALE, CHARTERED**
One Thomas Circle, NW
Washington, DC 20005
(202)862-5000
*Attorneys for Plaintiffs in Nos. 02 Civ. 5571, 07 Civ. 8830, 07 Civ. 10578, 07 Civ. 10954, 07 Civ. 11628, 08 Civ. 0950, 08 Civ. 1111, 08 Civ. 01983, 09 Civ. 2611*

**BARROWAY TOPAZ KESSLER**
  **MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
*Attorneys for Plaintiffs in Nos. 07 Civ. 8156, 07 Civ. 9229, 07 Civ. 11092, 08 Civ. 01983, 08 Civ. 01974, 08 Civ. 01975, 09 Civ. 2592*

**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
(646) 722-8500
*Attorneys for Plaintiffs in Nos. 07 Civ. 7370, 07 Civ. 7775, 07 Civ. 7776, 07 Civ. 7778, 08 Civ. 7779, 07 Civ. 7803, 07 Civ. 7863, 07 Civ. 8208, 07 Civ. 9593, 07 Civ. 11485, 08 Civ. 0024, 08 Civ. 0116, 08 Civ. 0117, 08 Civ. 1938, 08 Civ. 01985, 09 Civ. 2603*

**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700
*Attorneys for Plaintiffs in Nos. 07 Civ. 5742, 07 Civ. 10995, 07 Civ. 11305, 07 Civ. 11483, 07 Civ. 11484, 08 Civ. 0418, 08 Civ. 2166, 08 Civ. 2057, 08 Civ. 2058, 08 Civ. 2056, 08 Civ. 2214, 09 Civ. 2568*

Individual Plaintiffs, by this motion *in limine*, request that the Court issue an Order directing that no parties' counsel refer to during *voir dire* or opening statement, examine witnesses concerning, comment upon, present evidence of, or otherwise attempt to bring before the jury evidence relating to the Individual Plaintiffs' status as financial institutions, other than with respect to the fact that they manage or own the funds on whose behalf they are suing, their size or their foreign status. These facts are irrelevant to the claims and defenses in the cases to be tried and even were they relevant, pursuant to Federal Rules of Evidence Rule 403, their probative value would be far outweighed by the prejudice that would befall the Individual Plaintiffs if the jury were to hear them. Further, pursuant to Fed. R. Evid. 403, the use of that evidence at trial may confuse and mislead the jury and needlessly waste time.

Individual Plaintiffs invested in ordinary shares of Vivendi Universal S.A. ("Vivendi") during the period October 30, 2000 to August 14, 2002 at prices that were artificially inflated by Vivendi's fraudulent failure to disclose a liquidity crisis threatening the Company's very survival. They have brought claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k(a), 77*l*(a)(2) and 77o, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated thereunder.

Individual Plaintiffs commenced their actions after this Court determined that investors in Vivendi who reside in certain foreign countries are not eligible to be members of the class. *See* D.I. 349. The individual actions were then consolidated with the class action. *See* D.I. 403.

The Individual Plaintiffs are financial institutions. A number of them are insurance companies and many are affiliated with large foreign banks. All are non-U.S. entities. Many of these institutional investors manage millions of euros of individuals' savings or retirement funds.

Individual Plaintiffs anticipate Defendants will argue or imply that the Individual Plaintiffs should not recover – or at least recover less than they seek – because they are affiliated with large banks, financial institutions or insurance companies that, by virtue of their size or the

nature of their business, are somehow complicit in causing the current global financial crisis and therefore less deserving of recovering damages, a variation on the "blame the victim" defense that Defendants can seize upon in light of the current negative popular sentiments about "big business." Individual Plaintiffs also expect Defendants to argue or suggest that as foreigners, the Individual Plaintiffs should not be able to come to a United States courthouse and recover millions of euros in losses when U.S. citizens are having a rough time economically.

In that regard, under Federal Rule of Evidence 201, the Court can take judicial notice of the fact that major financial institutions have received capital injections from the U.S. government to shore up their balance sheets. These bailouts have triggered growing concerns about a populist backlash against banks, insurance companies and Wall Street. *See* http://www.nytimes.com/2009/03/16/us/politics/16assess.html?_r=1&hp.

Individual Plaintiffs are greatly concerned that they will be swept up in the public outcry against large financial institutions that are perceived to have caused the current economic problems and yet are receiving billions in bail-out funds. Individual Plaintiffs are also concerned that the jury will perceive foreigners as unworthy of recovering losses in a U.S. court because U.S. investors themselves are struggling under the burden of the current economic crisis and will feel they should recover their losses before any "outsider" does. As demonstrated below, evidence of Individual Plaintiffs' role as or association with large financial institutions, their size and their non-U.S. status is irrelevant to the claims and defenses to be tried, other than the fact that they manage the funds on whose behalf they seek to recover damages, and its probative value is far outweighed by the prejudice it will cause Individual Plaintiffs if allowed to go to the jury.

Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or

2

less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 prohibits the admission of irrelevant evidence. *See* Fed. R. Evid. 402.

At the trial of this action, Individual Plaintiffs do not intend to present proof of actual reliance on Defendants' misstatements and omissions. Instead, Individual Plaintiffs intend to prove the reliance element of their Section 10(b) claim by application of the fraud-on-the-market doctrine, which establishes a presumption of reliance on the alleged false statements and obviates the need to prove actual reliance. *See Basic, Inc. v. Levinson*, 485 U.S. 224, 243-47 (1988). Reliance is also not an element of any of the claims under the Securities Act, and no other claims require proof of actual reliance because, in its March 16, 2009 Order, the Court granted Defendants' motion for summary judgment with respect to Individual Plaintiffs' Section 18 and common law claims.

Presumably, Defendants might argue that evidence of the Individual Plaintiffs' role as financial institutions and their size is relevant to rebut the presumption of reliance, which Defendants can do by, *inter alia*, proving that the Individual Plaintiffs had specific knowledge that Vivendi's statements to the market were false, yet purchased Vivendi shares anyway. Defendants might attempt to prove this by arguing that the Individual Plaintiffs' size and the nature of their business permitted them to conduct due diligence when making their investment decisions, thus allowing the jury to draw the inference that Individual Plaintiffs actually had access to material non-public information that revealed to them the falsity of the information in the marketplace. The problem with that strategy is that such an inference would be wholly unreasonable because there is not a scintilla of evidence that Individual Plaintiffs (a) had access

to any material non-public information about Vivendi during the relevant period or (b) that they invested in Vivendi despite knowing of the falsity of Defendants' statements.[1]

Because Individual Plaintiffs' size and status as financial institutions are irrelevant to the claims and defenses in this case, the Defendants will not be prejudiced by an Order precluding them from using, referring to, or suggesting the existence of those facts. Further, the use of deposition designations and trial exhibits regarding these wholly irrelevant facts will unduly waste time. Accordingly, any evidence, argument, or suggestion about the Individual Plaintiffs' size under any metric, and the fact the Individual Plaintiffs operate as or are affiliated with major international investment banks, financial services companies, insurance companies and the like, should be excluded under Rules 401 and 402.

Moreover, evidence about Individual Plaintiffs' role as large, institutional investors, even were it relevant, is unduly prejudicial and excludible under Rule 403. Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Reference to Individual Plaintiffs' role as financial institutions is likely to mislead the jury since it distorts the fact that many of these plaintiffs are suing on behalf of funds that are comprised of numerous individuals' retirement and savings accounts. Also, many of the Individual Plaintiffs are themselves pension funds comprised of many individuals' pension

---

[1] Individual Plaintiffs are filing a motion that seeks to preclude Defendants from attempting to rebut application of the fraud-on-the-market doctrine. Individual Plaintiffs will be proposing a jury instruction that addresses the phrase "sophisticated" investors, noting that the federal securities laws apply to and protect all persons and institutions that purchase or sell securities, even if they are sophisticated investors. *See Hunt v. Enzo Biochem, Inc.*, 530 F. Supp. 2d 580, 599 (S.D.N.Y. 2008); *Quintel Corp., N.V. v. Citibank, N.A.*, 596 F. Supp. 797, 801-02 (S.D.N.Y. 1984).

4

monies.  In addition, any attempt by Defendants to introduce evidence linking the Individual Plaintiffs to the current market collapse, or to even suggest such a connection in argument, should be excluded under Rule 403 because "its probative value is substantially outweighed by the danger of unfair prejudice."  Exclusion under Rule 403 is appropriate where the "minute peg of relevancy will be entirely obscured by the dirty linen hung upon it."  *United States v. Kahaner*, 317 F.2d 459, 472 (2d Cir. 1963) (internal quotation marks omitted).  In this regard, evidence of the Individual Plaintiffs' role as large institutional investors would be prejudicial in much the same way that evidence of a defendant's net worth is prejudicial in a case in which punitive damages are not available.  *See, e.g., Brink's Inc. v. City of N.Y.,* 717 F.2d 700, 707 (2d Cir. 1983).

The role of large financial institutions in the global economic crisis pervades the consciousness of the general public.  Introduction of evidence about the Individual Plaintiffs' role as financial institutions and their size could be inflammatory because it might cause the jury to attach inappropriate negative connotations to the Individual Plaintiffs including, importantly, that they had a role in causing the global economic crisis.  Such evidence or argument is, under Rule 403, far more prejudicial than it could ever be probative because it paints Individual Plaintiffs in a bad light, and invites the jury to make a decision based on emotion or other unfair bases.  Given the current prevailing view among much of the general public that Wall Street does not deserve a bail out, the Individual Plaintiffs are concerned that their role in the global economy and their position in the financial industry will be exploited by Defendants to improperly suggest to the jury that the Individual Plaintiffs are somehow less worthy of recovering damages.

Moreover, use of these descriptive facts to imply "guilt by association" with the players responsible for the global economic crisis is inadmissible under Rule 403 because Individual Plaintiffs would be unfairly tainted  by the acts of others who are to blame for the current

5

situation. Accordingly, no party should be permitted to present evidence or make any argument regarding the Individual Plaintiffs' status as financial institutions or their size. *See United States v. Pitt-Des Moines, Inc.*, 970 F. Supp. 1359, 1374 (N.D. Ill. 1997) (granting motion *in limine* to preclude use of phrase that was deemed "highly misleading"), *aff'd*, 168 F.3d 976 (7th Cir. 1999); *United States v. Gonzalez*, 488 F.2d 833, 836 (2d Cir. 1973) (reversing conviction because, among other things, prosecutor used inflammatory language); *Coumerilh v. Tricam Indus., Inc.*, No. Civ. A 05-02510, 2007 WL 437620, at *4 (D. Colo. Feb. 5, 2007) (granting defendants' motion *in limine* to preclude using certain evidence with an intent to cast defendants in a bad light); *see also Suter v. General Accident Ins. Co. of Am.*, 424 F. Supp. 2d 781, 790-91 (D.N.J. 2006) (at a bench trial, allowing plaintiff's expert to describe defendant manufacturer's product as a "ticking time bomb," acknowledging defendant's concern that the use of "such a powerfully descriptive phrase" may lead to prejudice, and noting that a jury, unlike the court, might not be able to "distinguish[ ] rhetoric from reality" and might be moved by an improper inference).

With respect to evidence of the Individual Plaintiffs' foreign domicile, in addition to the fact that it has no relevance whatsoever to any claim or defense to be tried, and therefore has no probative value, it is extremely prejudicial and should be excluded under Rule 403. "[R]epeated references to a party's citizenship or nationality can be unduly prejudicial to that party." *Boyle v. Mannesmann Demag Corp.*, No. 91-3909, 1993 WL 113734, at *3 (6th Cir. Apr. 13, 1993) (finding jury prejudice and confusion that could result from repeated references to the defendant's Germanic origins would outweigh any relevance of evidence about exchange rate of German deutsche mark to U.S. dollar) (citing *Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147 (8th Cir. 1986) (repeated references to Far Eastern parent corporations and "foreign goods" or "foreign products" could prejudicially appeal to xenophobia and the then-current United States-Japanese trade imbalance)); *Hong v. St. Louis*, 698 F. Supp. 180 (E.D. Mo.1988) (new trial

6

granted because repeated references to the plaintiff's Marxist and communist interests and involvement in the Chinese government prejudiced the jury). The probative value of reference to the Individual Plaintiffs' non-U.S. status is substantially outweighed by the danger of unfair prejudice because it potentially subliminally appeals to jurors' possible xenophobic inclinations. *See Nair v. Columbus State Cmty. Coll.*, No. 02-cv-595, 2008 WL 3822341, at *6 (S.D. Ohio Aug. 12, 2008) (motion *in limine* to preclude any reference to "national origin discrimination in this post-9/11 world" granted because argument to the jury or evidence based on xenophobic or nationalistic fears of individuals of different national origin would be unduly prejudicial). Particularly in the current economic climate when the general public (from whom the jury is pooled) is looking to lay blame for their own economic troubles, evidence of the Individual Plaintiffs' "foreign-ness" will only serve to stir up latent antipathies toward foreigners coming to a United States court to recover millions of euros in losses. The resulting prejudice to the Individual Plaintiffs far outweighs any probative value such evidence might possibly have.

    For the foregoing reasons, the Individual Plaintiffs request that this Court enter an Order barring any party, their counsel or any witness from submitting evidence, presenting argument or suggesting information concerning the Individual Plaintiffs' status as foreigners, their size, and their role as or affiliation with financial institutions, other than with respect to the fact that they manage or own the funds on whose behalf they are suing.

Dated:  June 2, 2009

Respectfully submitted,

| | |
|---|---|
| **MOTLEY RICE LLC** <br> William H. Narwold (WN-1713) <br> Michael E. Elsner (ME-8337) <br> 20 Church Street, 17th Floor <br> Hartford, CT 06103 <br> (860) 882-1681 | **GRANT & EISENHOFER P.A.** <br><br> By   /s/ James J. Sabella            <br> Stuart M. Grant (SG-8157) <br> James J. Sabella (JS-5454) <br> Diane Zilka (DZ-9452) <br> Christine M. Mackintosh <br> 485 Lexington Avenue <br> New York, NY 10017 <br> (646) 722-8500 |
| **CAPLIN & DRYSDALE, CHARTERED** <br> Nathan D. Finch <br> Leslie M. Kelleher (LK-5943) <br> One Thomas Circle N.W. <br> Washington, D.C. 20005 <br> (202) 862-5000 | |
| *Attorneys for Plaintiffs in Nos. 02 Civ. 5571, 07 Civ. 8830, 07 Civ. 10578, 07 Civ. 10954, 07 Civ. 11628, 08 Civ. 0950, 08 Civ. 1111, 08 Civ. 01983, 09 Civ. 2611* | *Attorneys for Plaintiffs in Nos. 07 Civ. 7370, 07 Civ. 7775, 07 Civ. 7776, 07 Civ. 7778, 08 Civ. 7779, 07 Civ. 7803, 07 Civ. 7863, 07 Civ. 8208, 07 Civ. 9593, 07 Civ. 11485, 08 Civ. 0024, 08 Civ. 0116, 08 Civ. 0117, 08 Civ. 1938, 08 Civ. 01985, 09 Civ. 2603* |
| **BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP** <br> Stuart L. Berman <br> John A. Kehoe <br> Benjamin J. Hinerfeld <br> 280 King of Prussia Road <br> Radnor, PA 19087 <br> (610) 667-7706 | **LABATON SUCHAROW LLP** <br> Mark S. Arisohn (MA-2364) <br> Jesse Strauss <br> 140 Broadway <br> New York, NY 10005 <br> (212) 907-0700 |
| *Attorneys for Plaintiffs in Nos. 07 Civ. 8156, 07 Civ. 9229, 07 Civ. 11092, 08 Civ. 01983, 08 Civ. 01974, 08 Civ. 01975, 09 Civ. 2592* | *Attorneys for Plaintiffs in Nos. 07 Civ. 5742, 07 Civ. 10995, 07 Civ. 11305, 07 Civ. 11483, 07 Civ. 11484, 08 Civ. 0418, 08 Civ. 2166, 08 Civ. 2057, 08 Civ. 2058, 08 Civ. 2056, 08 Civ. 2214, 09 Civ. 2568* |